**WESTFIELD INSURANCE COMPANY, Plaintiff,**

v.

**Giles Frederick "Cowboy" WHITE, et al., Defendants.**

**Civil Action No. 2:97–0681.**

United States District Court, S.D.West Virginia, Charleston Division.

Aug. 14, 1998.

John R. McGhee, Jr., Kay, Casto, Chaney, Love & Wise, Charleston, WV, for Plaintiff.

Johnnie E. Brown, Shaffer & Shaffer, Charleston, WV, James T. Cooper, Lovett, Cooper & Glass, Charleston, WV, for White, Defendant.

L. Dante DiTrapano and Debra L. Hamilton, DiTrapano & Jackson, Charleston, WV, for Minter, Defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant White Chrysler Plymouth Dodge of Ripley, Incorporated's motion to alter or amend judgment pursuant to *Rule* 59(e), *Federal Rules of Civil Procedure*. After careful consideration, the Court **DENIES** the motion.

█ Defendant first asserts the Court mistakenly concluded no claim for negligent infliction of emotional distress was asserted in the Circuit Court. Defendant attaches materials and offers argument not contained in any of its prior briefing. These new arguments and exhibits relate to the viability of a putative claim for negligent infliction of emotional distress in the underlying action in the Circuit Court of Kanawha County.[1] The new material is insufficient for two reasons at least. First, commentators observe "because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 Charles A. Wright *et al., Federal Practice and Procedure* § 2810.1 (2d ed.1995); *Rouse v. Nielsen,* 851 F.Supp. 717, 734 (D.S.C.1994) (stating "Because of the interests in finality and conservation of judicial resources, Rule 59(e) motions should be granted sparingly."). Accompanying this proposition is the equally well-settled tenet that *Rule* 59(e) "may not be used to ... raise arguments ... that could have been raised prior to the entry of judgment." Wright *et al., supra* § 2810.1; *see also Servants of the Paraclete, Inc. v. Great American Ins. Co.,* 866 F.Supp. 1560, 1581 (D.N.M.1994); *Rouse,* 851 F.Supp. at 734 (observing *Rule* 59(e) motions " 'cannot be used to raise arguments which could, and should, have been made before the judgment issued[.]' ") (quoted authority omitted).

Our Court of Appeals adopted this line of reasoning recently in *Pacific Insurance Co. v. American National Fire Insurance Co.,* 148 F.3d 396, 402–03 (4th Cir.1998) ("Rule 59(e) motions may not be used, however, to

---

1. Defendant's brief suggests it previously "attached a Motion to Dismiss, a Response to a Motion to Dismiss, and the [Circuit] Court's Order denying the Motion to Dismiss." The official Court file reveals the current attachments were never filed prior to the motion to alter or amend judgment. Counsel has a duty of candor and truthfulness with the Court. W.Va.R. Prof. Conduct 3.3(a).

raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.").

Second, the new arguments do little, if anything, to contradict the Court's earlier conclusions (1) that the allegations in the complaint were not reasonably susceptible of an interpretation that the claims may be covered; and (2) that the conduct alleged is entirely foreign to the risks insured against.[2]

■ Next, Defendant inexplicably persists in its argument the claims in the underlying action for lost wages and loss of earning capacity are covered as "property damage." That view represents a disturbing disregard for a wealth of precedent to the contrary. *See, e.g., Aetna Cas. and Sur. Co. v. First Sec. Bank of Bozeman,* 662 F.Supp. 1126, 1129–30 (D.Mont.1987) ("allegations of loss of wages and diminished earning capacity constitute intangible property. Wages to be received in the event of continued employment and an employee's earning capacity constitute expectations, not entitlements"); *McLaughlin v. National Union Fire Ins. Co. of Pittsburgh,* 23 Cal.App.4th 1132, 29 Cal. Rptr.2d 559, 569 (1994) ("Damage for lost profits, loss of investment or other harm to one's economic interest constitute injuries to intangible property which by definition fall outside the scope of the policy."); *Smithway Motor Xpress, Inc. v. Liberty Mut. Ins. Co.,* 484 N.W.2d 192, 196 (Iowa 1992) ("The policy defines the term 'property damage' as 'physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom....' The loss suffered by a discharged employee in a retaliatory discharge case cannot arise out of physical injury or destruction of tangible property.").

The issue concerning lost profits and loss of earning capacity as intangible property was discussed at length in a recent law review article:

General liability policies typically define "property damage" as: "a. physical injury to tangible property including all loss of use of that property; or b. loss of use of tangible property that is not physically injured."

The question arises, then, as to whether an aggrieved employee's allegations of loss of past and future salary, loss of health benefits, seniority, pension benefits, and other incidents of employment as a result of an alleged discriminatory wrongful discharge may constitute "property damage."

While there is no Connecticut case law on this issue, *cases from other jurisdictions uniformly hold that such claims do not involve "tangible property" and therefore do not constitute property damage.*

Understood in its plain and ordinary sense, "tangible property" means "property" (as real estate) having physical substance apparent to the senses. To construe the explicit words "tangible property" to include intangible economic interests and property rights requires a strained and farfetched interpretation, doing violence to the plain language of the policies. Such an interpretation would rewrite the policies to fasten on the insurers a liability they have not assumed.

Therefore, those courts that have considered the issue hold that the purely economic losses claimed by aggrieved employees in wrongful discharge or discrimination cases (e.g., lost salary, death benefits, etc.) are not "tangible property" and therefore are not covered by a general liability policy. If presented with the issue, it is very likely that the Connecticut Supreme Court would reach a similar result.

Calum Anderson, *Insurance Coverage for Employment–Related Litigation: Connecticut Law,* 18 W. New Eng.L.Rev. 199, 237–38 (1996) (emphasis added). The lack of merit in Defendant's argument to the contrary is apparent.

---

2. Even were a claim for negligent infliction of emotional distress present, the claim would not have survived. Plaintiff did not offer an expert witness on the issue of severe emotional distress, a prerequisite to proof of a negligent infliction claim. *See Black v. Rhone–Poulenc,* 19 F.3d 592, No. 2:96–0163, 1998 WL 554262, slip op. at 40–41 (S.D.W.Va. Jul. 24, 1998).

■ Third, Defendant argues, as it did in the prior briefing, that since intentional or reckless conduct may support a tort-of-outrage claim, there is consequently a basis for coverage. Regardless of the gloss put on the argument, Defendant essentially asserts a jury could find the plaintiff in the underlying action was *recklessly* terminated from his employment because of his refusal to give false testimony under oath. The argument is meritless. As the Court previously noted, "One does not recklessly retaliate against an employee for the employee's refusal to lie under oath. The retaliatory act occurs either intentionally or not at all." Mem. op. at 7, n. 1.

The Court has considered Defendant's remaining assertions and concludes they lack merit. Accordingly, the Court **DENIES** Defendant's motion to alter or amend judgment.[3]

---

**3.** While Defendants request oral argument, the Court concludes the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.